UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIC J. KIKKERT  Plaintiff,  vs  DONALD TRUMP, TOM COLE, SUSAN COLLINS,  MIKE JOHNSON, JOHN THUNE  Defendants. | NO. [to be assigned]  COMPLAINT FOR INJUNCTION |

## COMPLAINT FOR INJUNCTION

1. Plaintiff Eric J. Kikkert, a resident and taxpayer of King County, Washington, a fifth-generation Army veteran, and an adherent of the Church of Humanity, files this action to enjoin Defendants Donald Trump, Tom Cole, Susan Collins, Mike Johnson, and John

Thune from using federal taxes—including Plaintiff's $72.72 in 2023 excise taxes—to fund Israel actions against Palestinians. Plaintiff reveres the U.S. Constitution as a sacred text within his faith, protected by the First Amendment's Free Exercise Clause, and holds the sanctity of all life as a divine tenet. Funding acts such as hospital bombings, intentional starvation, and civilian slaughter with Plaintiff's taxes forces him to commit sacrilege, causing irreparable spiritual distress, violating his Free Exercise and Petition Clause rights, and dishonoring his familial legacy of defending constitutional principles of justice, liberty, and life.

2. On January 26, 2024, the International Court of Justice (ICJ) found plausible genocide in Israel's actions in Gaza, and on November 21, 2024, the International Criminal Court (ICC) issued arrest warrants for Israeli officials for war crimes, including starvation and civilian targeting, evidencing violations of U.S. law, including the Leahy Law (22 U.S.C. § 2378d, 10 U.S.C. § 362), which prohibits material aid to foreign security forces credibly implicated in gross human rights violations. Plaintiff's taxes fund these unlawful and illegal acts, breaching federal statutes, the U.S. Constitution, and international treaties binding on the United States.

3. This action seeks enforcement of mandatory legal obligations, not discretionary policy decisions, presenting a justiciable question under *Baker v. Carr*, 369 U.S. 186 (1962), and does not implicate political questions, sovereign immunity, legislative immunity, or other positional defenses, as detailed herein.

# PARTIES

4. Plaintiff: Eric J. Kikkert, a U.S. citizen, resident, and taxpayer of King County, Washington, whose federal taxes are collected and allocated by Defendants.

5. Defendants:

   a. Donald Trump, in his official capacity as President of the United States, responsible for executing and overseeing federal expenditures, including the challenged funding.

   b. Tom Cole, in his official capacity as Chair of the House Appropriations Committee, responsible for drafting and approving appropriations that allocate federal funds to Israel.

   c. Susan Collins, in her official capacity as Chair of the Senate Appropriations Committee, responsible for drafting and approving appropriations that allocate federal funds to Israel.

   d. Mike Johnson, in his official capacity as Speaker of the House, responsible for facilitating the legislative process enabling the challenged funding.

   e. John Thune, in his official capacity as Senate Majority Leader, responsible for directing Senate funding priorities and facilitating the challenged appropriations.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question), as this action arises under the U.S. Constitution, federal statutes, and treaties, and under 5 U.S.C. § 702 (Administrative Procedure Act), which waives sovereign immunity for injunctive relief against ultra vires agency actions, as Defendants' funding decisions constitute reviewable final agency actions (*Bennett v. Spear*, 520 U.S. 154 (1997)).

7. Venue is proper in the Western District of Washington under 28 U.S.C. § 1391(b)(2), as Plaintiff resides in this district and a substantial part of the events giving rise to the claim—Plaintiff's tax contributions and resulting injury—occur here.

## FACTUAL ALLEGATIONS

8. Plaintiff's $72.72 in 2023 excise taxes are part of the $3.8 billion in annual U.S. military aid to Israel, authorized by the National Defense Authorization Act (NDAA) for Fiscal Year of but not limited to 2023 (Pub. L. No. 117-263) and appropriated by Defendants in their official capacities. This funding supports Israel's actions against Palestinians, including but not limited to hospital bombings, intentional starvation, civilian targeting, state-sponsored violence, murder of medical, press, and aid personnel, sexual abuse, targeting and killing of children (Exhibit J), and destruction of 26 hospitals and 79 ambulances (Exhibit K), which violate Plaintiff's religious belief in the sanctity of all life, a core tenet of the Church of Humanity.

9. On January 26, 2024, the ICJ, in *South Africa v. Israel*, found that Israel's actions in Gaza raise plausible concerns of genocide under the Convention on the Prevention and Punishment of the Crime of Genocide, supported by evidence of civilian targeting and infrastructure destruction.

10. On November 21, 2024, the ICC issued arrest warrants for Israeli officials, citing reasonable grounds to believe they committed war crimes, including starvation as a method of warfare and crimes against humanity such as extermination, further confirming the illegality of Israel's actions under international law.

11. Defendants' allocation and execution of Plaintiff's taxes to fund these actions constitute ultra vires acts, as they violate mandatory U.S. statutes and treaties, causing Plaintiff irreparable spiritual harm by forcing him to contravene his faith and his veteran's oath to defend the Constitution, a sacred text in his religion, and desecrating his familial legacy of military service spanning five generations.

# LEGAL BASIS

12. **Standing**: Plaintiff has standing under *Flast v. Cohen*, 392 U.S. 83 (1968), as a taxpayer challenging specific appropriations under the 2023 NDAA that violate constitutional limits, including the First Amendment, and under *Church of Lukumi Babalu Aye v. City of Hialeah*, 508 U.S. 520 (1993), due to a concrete, particularized injury to his Free Exercise rights caused by compelled funding of acts that desecrate his faith. This injury is traceable to Defendants' actions and redressable by injunction (*Massachusetts v. EPA*, 549 U.S. 497 (2007)).

13. **Statutory Violations**: Defendants' funding violates:

    a. 18 U.S.C. § 1091, criminalizing genocide and complicity therein, which U.S. funding facilitates.

    b. 22 U.S.C. § 2304, prohibiting aid to countries engaged in consistent patterns of gross human rights violations.

    c. The Leahy Law (22 U.S.C. § 2378d, 10 U.S.C. § 362), barring material aid to foreign security forces credibly implicated in gross human rights violations, as evidenced by ICJ and ICC findings.

14. **Constitutional Violations**: Defendants' actions violate:

    a. The First Amendment Free Exercise Clause, by forcing Plaintiff to fund actions that contravene his religious beliefs in the sanctity of life and the sacredness of the Constitution (*Lukumi*).

    b. The First Amendment Petition Clause, by impairing Plaintiff's right to seek redress through complicity in illegal acts (*Borough of Duryea v. Guarnieri*, 564 U.S. 379 (2011)).

15. **Treaty Violations**: Defendants' funding breaches the Geneva Conventions, self-executing treaties under the Supremacy Clause (U.S. Const. art. VI, cl. 2), which

prohibit targeting civilians and medical facilities, as documented by the ICJ and ICC (*Hamdan v. Rumsfeld*, 548 U.S. 557 (2006)).

16. **No Political Question**: This action enforces judicially manageable standards under U.S. statutes and treaties, not discretionary policy, rendering the political question doctrine inapplicable (*Japan Whaling Ass'n v. American Cetacean Soc'y*, 478 U.S. 221 (1986); *Baker v. Carr*).

17. **No Sovereign Immunity**: Injunctive relief against Defendants in their official capacities is permitted under *Ex parte Young*, 209 U.S. 123 (1908), for ongoing violations of federal law, and under 5 U.S.C. § 702 (APA), which waives immunity for ultra vires agency actions (*Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682 (1949)).

18. **No Legislative Immunity**: This action targets Defendants' administrative and enforcement roles in executing and overseeing NDAA appropriations, not legislative acts protected by the Speech or Debate Clause (*Gravel v. United States*, 408 U.S. 606 (1972); *Doe v. McMillan*, 412 U.S. 306 (1973)).

19. **No Positional Defenses**: Defendants lack discretion to violate mandatory statutory and treaty obligations, negating qualified immunity, presidential immunity, or discretionary authority defenses (*Marbury v. Madison*, 5 U.S. 137 (1803); *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579 (1952)).

20. **Distinction from *Defense for Children International-Palestine v. Biden***: This action is distinguishable from *Defense for Children International-Palestine v. Biden*, 107 F.4th 926 (9th Cir. 2024), which was dismissed as a nonjusticiable political question due to its reliance on broad foreign policy challenges and international law without enforceable domestic standards. In contrast, this complaint is grounded in specific U.S. statutes (e.g., Leahy Law, 22 U.S.C. § 2378d; 18 U.S.C. § 1091), constitu-

tional violations (First Amendment), and self-executing treaties (Geneva Conventions), all providing clear judicially manageable standards. Unlike *Defense for Children*, this case presents a justiciable question of statutory compliance, constitutional injury, and treaty enforcement, ensuring judicial review (*Japan Whaling Ass'n*; *Hamdan v. Rumsfeld*).

# CAUSES OF ACTION

21. **Count I – Statutory Violations**: Defendants' use of Plaintiff's taxes to fund Israel's actions against Palestinians violates 18 U.S.C. § 1091 (genocide), 22 U.S.C. § 2304 (human rights violations), and the Leahy Law (22 U.S.C. § 2378d, 10 U.S.C. § 362) by providing material aid to human rights abusers, an unlawful and illegal act under U.S. law, as confirmed by ICJ and ICC findings.

22. **Count II – First Amendment Free Exercise**: Defendants burden Plaintiff's religion by forcing him to fund atrocities that desecrate the sanctity of life and the Constitution, a sacred text in his faith, in violation of the Free Exercise Clause (*Church of Lukumi Babalu Aye*).

23. **Count III – First Amendment Petition Clause**: Defendants silence Plaintiff's right to seek redress by compelling complicity in illegal acts, violating the Petition Clause (*Borough of Duryea v. Guarnieri*).

24. **Count IV – Treaty Violations**: Defendants' funding breaches the Geneva Conventions, incorporated into U.S. law, by supporting war crimes and civilian targeting, imposing non-discretionary duties enforceable by this Court (*Hamdan v. Rumsfeld*).

# PRAYER FOR RELIEF

Plaintiff requests:

1. A permanent injunction barring Defendants from using any federal taxes to fund or provide material aid to Israel, as such funding violates U.S. law, including but not limited to:

   - 18 U.S.C. § 1091 (prohibiting genocide and complicity therein),
   - 22 U.S.C. § 2304 (barring aid to countries engaged in consistent patterns of gross human rights violations),
   - The Leahy Law (22 U.S.C. § 2378d and 10 U.S.C. § 362, prohibiting material aid to foreign security forces credibly implicated in gross human rights violations),

   and thereby end all material aid to Israel, based on credible evidence of gross human rights violations and war crimes, as confirmed by the International Court of Justice (ICJ) on January 26, 2024, and the International Criminal Court (ICC) on November 21, 2024, and other evidence therein.

2. A declaratory judgment that Defendants' use of federal taxes for such funding is illegal and ultra vires, exceeding their lawful authority under the National Defense Authorization Act (NDAA) for but not limited to the Fiscal Year 2023 (Pub. L. No. 117-263), violating:

   - The U.S. Constitution, including the First Amendment Free Exercise and Petition Clauses,
   - Federal statutes, including those cited above,
   - Binding treaties, such as the Geneva Conventions, which prohibit targeting civilians and medical facilities,

   and thereby requiring the cessation of all material aid to Israel.

3. Costs and any additional relief the Court deems just and proper.

4. JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Signed at Bothell, Washington

Date: 5/6/2025

**Eric J. Kikkert**

Pro Se Plaintiff